992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Petitioner-Appellant,
v.
Terry PITCHER, Respondent-Appellee.
 No. 92-2564.
 United States Court of Appeals,
Sixth Circuit.
 May 13, 1993.
 
 Before KENNEDY and SILER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson, a pro se Michigan prisoner, appeals a district court order denying his third motion for relief from judgment filed under Fed.R.Civ.P. 60(b)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Jackson in December 1986 of assault with intent to do great bodily harm less than murder and felony firearm. He was sentenced to an aggregate prison term of seven to twelve years. Jackson's conviction was affirmed on October 27, 1989 by the Michigan Court of Appeals and the Michigan Supreme Court subsequently denied a delayed application for leave to appeal. Jackson next filed a series of habeas petitions in the federal courts. At least three of these petitions were dismissed for failure to exhaust state court remedies.
 
 
 3
 In his sixth petition, Jackson raised two grounds for relief: (1) ineffective assistance of trial counsel, based upon counsel's refusal to raise alleged violations of the Interstate Agreement on Detainers and to request a jury instruction on qualified self-defense; and (2) ineffective assistance of appellate counsel, based upon counsel's refusal to present the IAD issue to the Michigan appellate courts. The district court dismissed this petition with prejudice in an memorandum opinion and judgment entered on November 7, 1991, on the alternative grounds of lack of exhaustion and abuse of the writ. On November 13, 1991, Jackson filed a motion for relief from judgment, which was construed as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) and was finally denied by the district court on April 8, 1992. Jackson filed a second motion for relief from judgment on March 2, 1992; this motion was denied on April 28, 1992. A panel of this court affirmed the district court's order of April 28, 1992, in an unpublished order. Jackson v. Pitcher, No. 92-1575 (6th Cir. Nov. 12, 1992).
 
 
 4
 Jackson then filed a third motion for relief from judgment under Rule 60(b)(1) which was denied in an order filed on December 10, 1992. It is from this order that Jackson now appeals. He argues that the district court erred in finding that he had not raised his IAD issue in previous habeas petitions and that this alleged mistake warrants Rule 60(b)(1) relief.
 
 
 5
 Upon review, we affirm the district court's order because that court did not abuse its discretion in denying Jackson's motion for relief from judgment. See Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 132-33 (6th Cir.1990).
 
 
 6
 Accordingly, the district court's order, entered December 10, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.